UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

JEFFREY McCOMSEY                    ]
    Plaintiff,                  ]
                                    ]
v.                                  ]     No. 3:14-1291
                                    ]     Judge Trauger
DAVIDSON COUNTY SHERIFF'S           ]
OFFICE, et al.                      ]
    Defendants.                 ]


**M E M O R A N D U M**

    The plaintiff, proceeding *pro se*, is an inmate at the Davidson County Criminal Justice Center in Nashville. He brings this action pursuant to 42 U.S.C. § 1983 against the Davidson County Sheriff's Office; Jeff Williams, Case Worker; the Metropolitan Nashville Police Department; and Perry Eddelman, a member of the Metropolitan Nashville Police Department; seeking unspecified relief.

    According to the complaint, a letter was sent to the plaintiff that contained a money order. Apparently, the money order has been misplaced or lost. The plaintiff believes that the loss of the money order constitutes a violation of his rights.

    This action is being brought against the defendants in their official capacities only. Docket Entry No.5 at pg.9. Because the plaintiff in an official capacity action seeks damages not from the individually named defendant but from the entity for which the defendant is an agent, Pusey v. City of Youngstown, 11 F.3d 652,657

(6th Cir.1993), "an official capacity suit is, in all respects other than name, to be treated as a suit against the entity." Kentucky v. Graham, 473 U.S. 159,166 (1985). In essence, then, the plaintiff's claims are against Davidson County, the municipal entity that operates the Criminal Justice Center. Hafer v. Melo, 502 U.S. 21,25 (1991).

A claim of governmental liability requires a showing that the misconduct complained of came about pursuant to a policy, statement, regulation, decision or custom promulgated by Davidson County or its agent, the Davidson County Sheriff's Department. Monell v. New York City Department of Social Services, 98 S.Ct. 2018 (1978). In short, for Davidson County to be liable under § 1983, there must be a direct causal link between an official policy or custom and the alleged constitutional violation. City of Canton v. Harris, 109 S.Ct. 1197 (1989). To establish the requisite causal link, the plaintiff has to "identify the policy, connect the policy to the county itself and show that the particular injury was incurred because of the execution of that policy". Garner v. Memphis Police Department, 8 F.3d 358, 363-64 (6th Cir.1993).

The plaintiff has offered nothing to suggest that his rights were violated pursuant to a policy or regulation of Davidson County that led to the loss of the money order. Consequently, the plaintiff has failed to state a claim against the defendants acting in their official capacities.

In the absence of an actionable claim, the Court is obliged to

dismiss the complaint *sua sponte*. 28 U.S.C. § 1915(e)(2).

An appropriate order will be entered.

_____
Aleta A. Trauger
United States District Judge